UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 26-238 PA (JDEx) | Date | February 2, 2026 |
|---|---|---|---|
| Title | Brian Blaker, et al. v. Premier Office Centers, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS—ORDER TO SHOW CAUSE

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). This Court has a continuing obligation to assess its subject matter jurisdiction, and may consider the issue sua sponte at any stage of the proceedings. See, e.g., Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004).

Here, plaintiff Brian Blaker ("Plaintiff") alleges jurisdiction exists based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d)(2). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). To establish diversity jurisdiction pursuant to CAFA, Plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). For purposes of CAFA, "an unincorporated association shall be deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

In addition, under the terms of CAFA, "[a] district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2) if] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 26-238 PA (JDEx) | Date | February 2, 2026 |
|---|---|---|---|

| Title | Brian Blaker, et al. v. Premier Office Centers, LLC, et al. |
|---|---|

the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). A district court may also decline to exercise jurisdiction over a CAFA class action "in the interests of justice and looking at the totality of the circumstances," when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). In determining if the Court should decline to exercise CAFA jurisdiction in such instances, the Court should consider several factors, including whether: (A) "the claims asserted involve matters of national or interstate interest"; (B) "the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States"; (C) the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction"; (D) "the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants"; (E) "the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States"; and (F) "during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3)(A)–(F).

Here, Plaintiff's Complaint asserts that the Court has jurisdiction under CAFA "because this is a proposed class action in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are 100 or more proposed class members, and minimal diversity exists." (Compl. ¶ 9.) The Complaint alleges that Plaintiff is a citizen of California and that defendant Premier Office Centers, LLC ("Defendant") is a limited liability company formed under the laws of California that maintains its principal place of business in Irvine, California. (See id. ¶¶ 12–13). Thus, it appears that both Plaintiff and Defendant are citizens of California. See 28 U.S.C. § 1332(d)(10). Plaintiff seeks to assert claims on behalf of a "Damages Class," comprised of persons in California, and an "Injunctive Class," comprised of persons nationwide"; the Complaint estimates the total number of classmates to be "in the thousands, it not more." (See Compl. ¶¶ 34, 38.) The Complaint alleges that Defendant operates a website that "invites consumers to browse information about Defendant's commercial real estate services in California and throughout the United States" (Id. ¶ 1), but does not allege any additional details about Defendant's business outside of California or the existence of putative class members outside of California. Moreover, with respect to the amount in controversy, the Complaint does not attempt to estimate damages for Plaintiff or any other putative class members, nor does it allege facts to otherwise demonstrate how the $5,000,000 amount in controversy threshold is met.

The Court therefore orders Plaintiff to show cause in writing why the Complaint should not be dismissed for failure to adequately allege the requirements for CAFA jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 26-238 PA (JDEx) | Date | February 2, 2026 |
|---|---|---|---|

| Title | Brian Blaker, et al. v. Premier Office Centers, LLC, et al. |
|---|---|

pursuant to 28 U.S.C. § 1332(d)(2). In addition, because it appears that both Plaintiff and Defendant are citizens of California, and the Complaint fails to allege any details about Defendant's business operations or putative class members outside of California, the Court orders Plaintiff to show cause in writing: (i) why this action should not be dismissed without prejudice pursuant to 28 U.S.C. § 1332(d)(4), on the grounds that Defendant and two-thirds or more of the members of the class of the proposed plaintiffs are citizens of the State in which the action was originally filed; and (ii) why the Court should not exercise its discretion, pursuant to 28 U.S.C. § 1332(d)(3), to decline to exercise jurisdiction over this matter, on the grounds that Defendant and more than one-third but less than two-thirds of the class of proposed plaintiffs are citizens of the same State in which the action was originally filed. Plaintiff's response to this order to show cause shall be filed by no later than February 17, 2026. Plaintiff is ordered to personally serve a copy of this Order on Defendant within three (3) days of the date of this Order if Defendant has already been served with the Summons and Complaint or at the time of service of the Summons and Complaint if Defendant has not already been served.

IT IS SO ORDERED.